Good morning, Your Honors. May it please the Court, my name is George Haridis. I'm appearing on behalf of Petitioner Sunil Rayamajhi and his appeal from the Board of Immigration Appeals' decision affirming the immigration judge's conclusion that he provided inconsistent testimony regarding certain dealings with the Maoists in a Rukum hospital, and that, accordingly, finding that he provided material support which barred his asylum claim. Now, it's my understanding that the government will argue that the adverse credibility finding in this case is moot. I disagree with that because it is my impression that the agency may have arrived at a different conclusion had the petitioner's testimony be accepted as true in its entirety. Now, the immigration judge did arrive at a positive credibility finding regarding the persecution he suffered at the hands of Maoist Nepal, but issued a partial adverse credibility finding in this decision, in her decision, and arguably also issued an implied negative credibility finding regarding the events that, the event that occurred in 2009 at the taxi stand in Bogota. Counsel, could I go directly, since your time is limited, I'd like to ask you about an issue that concerns me about your position. The immigration judge found that the support given, the money given in 2009, was material, and that it was more than de minimis. Is that a factual finding, or is that a legal conclusion? I believe it's a factual finding, Your Honor. And if it is, why is that not essentially unassailable? Well, at this point, Your Honor, that's not the core of my case. If the Court wants to find that that's unassailable, that's fine with me. I stress more the credibility finding in the sense that, of the coercion aspect of the case, whereas it appears in 2009 that the Petitioner testified that. I just want to make sure I understand what you just said. If we agree or we disagree with you on the credibility finding, then you lose. You're abandoning your any argument about the de minimis issue? I would be focusing more on the coercion issue of the case, Your Honor, not the de minimis argument. So in this case, if we accept the Petitioner's testimony is entirely credible, then the agency should be given yet another opportunity to decide whether or not the 2009 event, standing alone, constitutes material support, because that has not been explicitly decided by the Board of Immigration Appeals. The Board of Immigration Appeals sustained the appeal based on the instances, including the events that occurred in Rukum at the Rukum Hospital. Counsel, don't we lack jurisdiction to affirm on the basis of or to deny the petition on the basis of the IJ's materiality finding, because that was never reached by the BIA, that the BIA only decided the legal issue of it wouldn't matter whether it was material or not? Well, I think my understanding is that the Board did reach that decision, if I could be mistaken. But again, the core of my position is that they did not reach a decision about whether or not the 2009 event, standing alone, is material. And I think that if the adverse credibility findings should be overturned, that is something that the Board should assess explicitly. As far as your duress argument, how is that argument colorable in view of our decision in ANICAMI? I'm not sure how to pronounce that. ANICAMI v. Holder? Well, Your Honor, I think that there has to be a distinction between essentially what occurred here in 2009 event as a criminal act, where it would be unconscionable to arrive at a finding of material support where there's extreme coercion, where there's a choice. Except that we held in 2013, whether rightly or wrongly, that the bar for material support to a terrorist organization does not include an exception for providing support under duress. Now, I understand that you don't agree with that, but given that we're bound by it, how can you succeed on the duress argument? Well, I just think that the case here is distinguishable from that case, Your Honor. But, Counsel, as Judge Graber said, the actual holding of ANICAMI is exactly as Judge Graber read. There is no implied exception for individuals who assist organizations who provide support under duress. So whether, as Judge Graber said, that case was rightly or wrongly decided, how is your argument that there is a duress exception colorable? I don't call it a duress exception in terms of I'm distinguishing in terms of it's a criminal act. I mean, I think it would be unconscionable to find it. And given the 2014 case, it may be what it is. But my legal argument is that there has to be a line drawn between a criminal act, which leads to what may appear to be material support versus, you know, a duress exception that is contemplated in that case. So what is the ---- So why wouldn't that be similarly a criminal act, and yet we held that there was no exception? Well, then I don't agree with that decision. That's all I can say. I would like to also, if that's the core of the claim, then I'll defer the rest of my time for rebuttal. Thank you. Thank you, Counsel. May it please the Court. Good morning, Your Honors. Daniel Spillow on behalf of the Respondent in this case. At all relevant times in this case, the Communist Party of Nepal, which is more colloquially known as the Maoists, was a designated terrorist or foreign terrorist organization under INA Section 219. Although it's since been delisted because it's the government, right? It has been delisted by the Secretary of State in 2012, Your Honor. That's correct. But the conduct here by the Petitioner occurred when it was so designated. Throughout his immigration proceedings, in fact, Rayamaji admitted giving money or funds to this terrorist organization. The INA is clear that there is a bar for material support to terrorist organizations that precludes granting either asylum or withholding of removal. And, Counsel, your argument is there's no de minimis exception, correct? That's correct, Your Honor. So I have a question for you about the statute. Yes, Your Honor. The statute uses the word material twice. In the first use of the word, your argument is that it is qualitative, not quantitative. What does it mean when Congress used the term material in the same sentence the second time? I think it's rather consistent with itself that it is not a quantitative requirement. Well, I think it clearly is a quantitative requirement the second time, because it talks about transfer of funds or other material financial benefit. Under your argument, any financial benefit is material in the nonquantitative sense. So when it says material financial benefit the second time it's used, how can that be anything other than quantitative as opposed to qualitative? I think what the Congress is trying to do there is be consistent with itself and say material support. If it were to, for example, drop the term material in the second part of the statute, I think there would be greater confusion as to why there was some type of linguistic distinction. I think, respectfully, Your Honor, I read the statute, government read the statute to indicate that material support is the term of art that does not require any quantitative or qualitative, rather, requirement whatsoever. So what is the term material financial? How does the term material financial benefit in the statute differ from just using the words financial benefit? What does material mean there? It means, again, any contribution of funds of any amount is material. I think the Supreme Court made that clear in its humanitarian law project decision. They say, and in fact they say, quote, any contribution to a terrorist organization is material and therefore it can be criminalized. Here, of course, we're in the immigration laws, which is civil context, and that, too, is relevant. And I'm going to use the word material again. Let me use a different word. It bars an applicant from asylum or withholding of removal and, in fact, renders them inadmissible as well under the immigration laws. Your Honors, the essential aspects of this case are this. Even if we were to set aside the adverse credibility finding with respect to his 2004 and 2005 contributions, he freely admitted that he gave money in 2009 to a Maoist at a taxi stand. It was approximately $30. The I.J. found, and Riyamaji has not challenged, that that $30 was not de minimis. There is no duress defense, as this Court has held, in an acme, and the other courts, Federal courts of appeals have held similarly. Did the BIA uphold that finding, or did the BIA simply say, as a matter of law, there's no de minimis exception? Is there any place in the BIA where they uphold that factual finding of the I.J.? They do not, Your Honor. So we can't reach it, correct? We couldn't affirm on that ground, that is, that the I.J. found that this wasn't material support as a fact matter because the BIA never reached it? I think the BIA's decision is clear enough that it adopted those factual findings. There was nothing challenged about it, and therefore, it is a factual finding of the case. If you follow what I'm saying, Your Honor, the I.J. made the finding. It was not challenged, and therefore, it is part of this administrative record. Had it — had he challenged that finding, then there may have been — you know, the BIA may have reached it, but there is no reason for the Board to address every factual finding in a particular case, of course. You're saying that the Petitioner did not say to the BIA, as a matter of fact, it wasn't material? He — my memory of the record is that he argued that it was made under duress and that it was de minimis. And he used the term material in the quantitative or qualitative sense of the term. Well, but, I mean, if he's arguing to the BIA that it was de minimis, isn't that a challenge to the factual finding by the I.J., which, as Judge Graber correctly points out, where the I.J. made a factual finding that it wasn't de minimis? It may well be, but it's — I think, Your Honor, you may be right on this, as to that point, Your Honor. But even had he challenged it, there's the issue of there is no de minimis exception or de minimis defense to the material support bar. There is, of course, a recent, more recent than the Board decisions, in this case, a matter of ACM, a precedential decision, where the Board held that there is no de minimis defense to the material support bar. And your view is that that's entitled to Chevron deference? Absolutely, Your Honor. Again, the Board — the Board, when it issued its decision in this case, did not have the benefit of its published precedential decision that poststated it. But, yes, that decision would be entitled to Chevron deference, Your Honor. In short, Your Honors, there is — we have a Petitioner who's been granted cap protection. He admittedly provided material support funds to a Maoist, a designated terrorist organization. The laws are clear. There is no de rest defense. There is no de minimis defense to those — to those bars. There is theoretically a — the Executive Branch could grant him a waiver of those bars. We're inclined to do so in its sole and reviewable discretion. However, on this record and on these facts, there is no basis to grant the petition for review in this case. If there are no further questions, I'd submit on the briefs. And the Board of Immigration Appeals still has not touched the issue of whether or not the 2009 incident standing alone amounts to material support. We'd like it remanded on that basis based on a faulty adverse credibility finding. And the adverse credibility finding is also important. And even in the event that the agency finds that the one incident in 2009 does constitute material support and that no exceptions apply, a positive credibility finding will still have a positive impact on the waiver claim that is not reviewable after issued by the DHS. So it's very important that that one issue — that the issue of credibility be touched and adjudicated in his favor because that is an important factor as it relates to waivers. I'd submit on that. I have a question about your argument. And I want you to assume for the sake of this question that we don't overturn the partial adverse credibility finding and that that would mean that we would uphold the underlying finding that your client gave money on several occasions in 2004-2005 in addition to — or 2005, whatever year it was, plus 2009. It would be six or seven something like that occasions. Is it your argument that if we were to consider all of those things together, it would still be de minimis? Or are you hanging your hat on whether 2009 alone is de minimis? The latter, Your Honor. Do you understand my question? The latter, Your Honor. The 2009 standing alone, that's what we're hanging — that's where I'm hanging my argument on. So just to be clear, if we were to uphold the adverse credibility finding and thus conclude that it was proper to find that there were several donations at two different periods of time, you're not arguing that that collective amount is de minimis? I would still argue that, but I think it would require a change in law through a published decision because I think the current law is very clear on that point from the — Well, I know, but what I'm trying to get at is you think there should be, as a matter of law, some de minimis exception. And so that's the new legal issue. But if there were one, would you still be claiming that this collection of several donations counts as de minimis? In other words, is there a reason we would have to decide it is really what I'm getting at because, you know, it's a big issue to construe a statute in a situation in which that construction wouldn't alter the outcome. And that's why I'm asking you the question. Again, it's my understanding that the agency hasn't even arrived at that standard of what it is to be de minimis. They haven't actually reached that point. So, you know, I don't know how you — as the court points out, I don't know how you would make that determination when it comes to a number of dollars. It'd be hard to determine what is material and what's not. Well, I guess I'm just trying to clarify your argument because if someone donated a million dollars and a house for the headquarters of the terrorist organization, nobody would argue that that's de minimis even if there is a de minimis exception. And so what I'm trying to do is find out whether, in your view, a collection of six or seven donations that occur at several different times over a period of years would fit into your view of what a de minimis exception should be. Well, yes, Your Honor. Of course, I would argue that. But if I'm going to say what — if I'm going to suggest a rule, I don't have one. I just say it's kind of like obscenity. You know when you see it. Counsel, are you abandoning any of your arguments? No, Your Honor. I'm not abandoning. But I'm trying to focus my arguments on what I think is the strongest. And when it comes to the Rukum Hospital, I don't think — I don't see how that can be upheld in this case because the asylum officer's notes are woefully inaccurate and unreliable. When we're talking about an inconsistency on page — we see a direct inconsistency on page 658 of the record of where the — within a span of what appears to be a month or so, the petitioner goes from categorically denying providing any donations knowingly to malice. And then in the very next breath, the government and the asylum officer implies that he changes course 180 degrees. And yet there's no follow-up on that from the asylum officer. There's even a pronoun of we gave donations in the record. There's no follow-up on what that pronoun means, we, whether or not it was paid directly by the petitioner or on behalf of the petitioner or on behalf of a group that petitioner belonged to. And that's telling because when we look at the rest of the asylum officer's notes, every time that there's a perceived inconsistency by the asylum officer, there's a follow-up question. Well, your declaration says this. Now you're saying this. But in this inconsistency, which happened so close together, this alleged inconsistency, there's no follow-up. And when we — I expected after Singh v. Gonzales that asylum office interviews would be conducted completely differently. And it doesn't seem that much has changed, even according to the asylum officer in this case who testified that not much, if anything, had changed since Singh v. Gonzales. And — I'm sorry. Could you conclude your several minutes over time? Yeah. I just want to conclude that as regards to those perceived inconsistencies, without a recorded asylum office interview, which at this point they should be recorded and transcribed, so that when there are mischaracterizations of the testimony, it would be evident in a record of any objections that counsel made, any objections as to the asylum officer's characterization of the testimony, any — or any other nuances of — Thank you, counsel. That's more than a concluding sentence. But we — I think we understand your position on the various issues, and we appreciate that. Thank you, Your Honor. I submit the case. Thank you for your time. The case just argued is submitted for decision. And again, the arguments of both counsel were very helpful. We appreciate them. And we are adjourned for this morning's session.
judges: Thacker, Graber, Bennett